IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-522-BR

| | | |
|---|---|---|
| ARTHUR DONALD DARBY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBESON COUNTY, in the State of North Carolina, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On 12 October 2016, the court entered an order (D.E. 5) allowing the motion by plaintiff Arthur Donald Darby, Jr. ("plaintiff") for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(1) and providing him the opportunity to particularize his amended complaint (D.E. 2) prior to completion by the court of its frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The order admonished plaintiff that "[f]ailure by [him] to file a revised complaint by 26 October 2016 will result in a recommendation to the District Judge that this case be dismissed." 12 Oct. 2016 Ord. 3. Plaintiff has not filed any such particularization, and the deadline for doing so has, of course, expired.[1]

Read liberally as it must be, *see White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), plaintiff's amended complaint appears to allege as follows: The Hamlet (North Carolina) Police Department wrongfully arrested plaintiff on an unspecified date. Am. Compl. 2. The arrest was wrongful because it was based on the prior arrest by the Fairmont (North Carolina) Police Department of a person using plaintiff's identity without his consent. *Id.* This unauthorized use of plaintiff's identity is confirmed by an entry for a debt that is not his in a credit report for him

---

[1] The Clerk's office mailed the 12 October 2016 order to two addresses it had for plaintiff. *See* D.E. 5. Although the mailing to one of the addresses was returned as undeliverable (*see* D.E. 7), the other has not been returned.

issued by Equifax. *Id.* Plaintiff contacted Equifax about this erroneous entry. *Id.* at 4. Plaintiff learned of the erroneous credit report when he attempted unsuccessfully to rent an apartment in Hamlet. *Id.* The apartment manager would not return certain documents to plaintiff and the local police were needed. *Id.* This situation "le[]d to this matter of arrest" and plaintiff's being banned from the property. *Id.*

Plaintiff names as defendants: Berlester Campbell, Administration, Commissioners—District 2; Rick Harris, Manager; Sheriff's Department, Jail/Courts and Clerk; Fairmont Police Department, Jail Major Kenworthy; and the North Carolina State Bureau of Investigation. *Id.* at 1-2. As to subject matter jurisdiction, plaintiff alleges that he is suing for violation of a federal civil rights statute that authorizes civil damages for persons who are unlawfully arrested, presumably 42 U.S.C. § 1983. *Id.* at 2.

Attached to the amended complaint are: a portion of an Equifax credit report for plaintiff showing the alleged erroneous entry with a forwarding letter, both dated 10 March 2015 (D.E. 2-12 at ¶¶ 1-4); a letter to plaintiff from Equifax dated 11 March 2015 regarding a reinvestigation request by him (*id.* at 5-6); an undated Equifax research request form apparently completed by plaintiff (*id.* at 7); the front and back sides of a business card for Fairmont Public Safety (*id.* at 8-9); and a handwritten document by plaintiff entitled "Complaint" setting out unintelligible allegations (D.E. 2-2). The attachments shed little light on plaintiff's allegations.

As stated in the 12 October 2016 order, plaintiff's amended complaint leaves unclear: the identity of each individual or other entity from whom plaintiff seeks damages or other relief; what plaintiff contends each defendant did wrong; the events underlying the alleged wrongdoing by each defendant; when the alleged wrongdoing by each defendant and the underlying events occurred (*e.g.*, month, day, year); how plaintiff was harmed by the alleged wrongdoing by each

defendant; and the basis for federal jurisdiction over each claim of wrongdoing against each defendant. Even under the liberal standards applicable to a pro se complaint as set out in the 12 October 2016 order, the ambiguities in plaintiff's amended complaint are so fundamental that the court is compelled to conclude that it fails to state a claim upon which relief may be granted and is therefore frivolous.

For the foregoing reasons, IT IS RECOMMENDED that this case be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, his counsel. Plaintiff shall have until 14 November 2016 to file written objections to the Order and Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Order and Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Order and Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Order and Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Order and Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Order and Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from**

**appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Order and Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

This 31st day of October 2016.

James E. Gates
United States Magistrate Judge